IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KAYLEI DINGER, as Personal Representative of the Estate of Noah Dinger,<br><br>Plaintiff,<br><br>vs.<br><br>SIBANYE STILLWATER LIMITED and STILLWATER MINING COMPANY,<br><br>Defendants. | CV 24-77-BLG-DWM<br><br>ORDER |

In November 2023, Noah Dinger was killed while operating a Komatsu bolter at the Stillwater Mine in south central Montana. On June 25, 2024, Plaintiff Kaylei Dinger, as personal representative of Noah's estate, filed suit against Defendants Sibanye Stillwater Limited and Stillwater Mining Company, pursuing claims for wrongful death and survivorship. (*See* Doc. 1.) Since then, Plaintiff has filed a motion for summary judgment, (Doc. 25); a motion in limine, (Doc. 28); an amended complaint, (Doc. 30); a second amended complaint, (Doc. 31); another motion for summary judgment,[1] (Doc. 51); and a third amended complaint, (Doc.

---

[1] Plaintiff filed, (Doc. 43), and withdrew, (Doc. 50), another motion for summary judgment on these same grounds.

1

55). While the interspersing of dispositive motions with amended pleadings is by itself uncommon, of primary concern is the fact that through the amendment process, Plaintiff's pleading grew from 26 pages, (Doc. 1), to 94 pages, (Doc. 55). Because Plaintiff's Third Amended Complaint does not comply with the Federal Rules of Civil Procedure, Plaintiff will be given a limited opportunity to amend.

"A pleading that states a claim for relief must contain *a short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In doing so, the plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). However, "[s]pecific facts are not necessary." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A pleading should not contain legal argument or otherwise read like a summary judgment motion or brief. *See* Fed. R. Civ. P. 56. While a plaintiff must eventually prove his or her case on the evidence and merits, a plaintiff need not and should not include exhibits or evidence in an attempt to prove his or her case at the pleadings stage. Fundamentally, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Here, Plaintiff's claims are buried in over a hundred paragraphs and subparagraphs of "general allegations" and, at times, legal argument. Plaintiff can easily meet the requirements of Rule 8 and *Iqbal* without much of this extraneous information. Curating her claims will also streamline the issues in the case and allow Defendants to effectively review her pleading and respond. *See* Fed. R. Civ. P. 1.

Accordingly, IT IS ORDERED that Plaintiff must file an amended complaint on or before January 14, 2025 that contains "a short and plain statement of [her] claim showing that . . . [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendants are not required to answer the Third Amended Complaint.

DATED this 7th day of January, 2025.

                                          Donald W. Molloy, District Judge
                                          United States District Court